BERNARD G. SHOHET & another *vs.* ROBERT E. WEBB & another.

Suffolk.    October 18, 1928. — November 28, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Findings by judge, Appeal. *Contract*, Construction.

On an appeal from a final decree in a suit in equity, where the record in this court contains a statement of facts found by the judge without a report of the evidence before him in which, among other facts, he found that something was due to the plaintiff from the defendant, a later reference to a master to determine the amount due, the final decree for the plaintiff, and a stipulation by the parties that the report of the master should not be printed for this court, nothing is open except the question whether the decree is justified by the frame of the bill and is consistent with the findings of fact.

On an appeal of the character above described, it appeared that the suit was by an employer for repayment by an employee of amounts advanced to him beyond sums earned by him as commissions, and it was *held*, that, upon subsidiary facts found by him, the judge might well have found, because of the terms and nature of the contract and an admission by the defendant as to the amount due, that sums advanced at the defendant's request were intended to be loans and not to be in the nature of a guaranty that his minimum commissions would be the amount of the advances; and that no error was shown.

BILL IN EQUITY, filed in the Superior Court on November 3, 1926, and described in the opinion.

The suit was heard by *Bishop*, J. He filed a statement of facts found by him. Material facts are stated in the opinion. There was no report of the evidence before him. From a final decree, entered by his order, the defendants appealed.

*J. J. Cummings*, for the defendants.

*A. J. Berkwitz*, for the plaintiffs.

SANDERSON, J. The plaintiffs are seeking to reach and apply the interest of the defendant Webb in a partnership, in payment of a debt alleged to be due the plaintiffs. The decree fixed the amount of the indebtedness and ordered that Webb's interest in the partnership be sold and applied in satisfaction of the debt, unless payment was made within a specified time.

In the fall of 1924, Webb entered the employment of the plaintiffs and remained with them until about the first of August, 1926, when he left without notice and formed a partnership with the other defendant. By the terms of his employment he was to work on a strictly commission basis, paying his own expenses. At his request advances were made to him from time to time against the commissions. These advances exceeded the amount due for commissions. There was evidence that at the time he left he was told by one of the plaintiffs that according to the books there was due $1,360 or thereabouts, and he said, in substance, that he knew that was the amount due.

The judge found that some sum was due the plaintiffs and stated that if the parties could not agree upon the amount a master would be appointed to determine it. Thereafter a master was appointed. The defendants' appeal contains no report of evidence, and the parties filed a stipulation that the report should not be printed for the Supreme Judicial Court. No objection was made to the manner in which the court dealt with the requests for rulings of the defendant Webb. In this state of the record nothing is open except the question whether the decree is justified by the frame of the bill and is not inconsistent with the findings of fact. The judge may well have found, because of the terms and nature of the contract and the admission of the defendant as to the amount due, that the sums advanced at Webb's

request were intended as loans and not to be in the nature of a guaranty that his minimum commissions would be the amount of the advances.   No error is disclosed by the record.

*Decree affirmed with costs.*